FILED
 2016 Nov-18  AM 09:32
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAMES FAULKNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.  4:14-CV-1816-SLB |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. 8.)[1] Plaintiff, James Faulkner, filed this action against defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, seeking review of the Commissioner's final decision denying his claim for disability benefits. (*See* doc. 1 ¶ 3.) The Commissioner has moved to dismiss this action as untimely filed. (Doc. 8 at 3.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 8), is due to be granted.

On July 19, 2014, the Appeals Council sent Faulkner notice of its decision denying his request for review. (Doc. 8-3 at 1.) In its notice, the Appeal Council told Faulkner of his right to ask the district court to review the decision denying his claim for benefits:

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

>If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
>If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
>
>. . .
>
>You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.
>
>. . .
>
>• You have 60 days to file a civil action (ask for court review).
>
>• The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
>• If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id*. at 2-3.) Faulkner filed his Complaint in this court on September 24, 2014. (Doc. 1.)

Faulkner had 65 days, or until September 22, 2014, to file his Complaint. His Complaint, filed on September 24, 2014, was untimely filed. Faulkner contends his Complaint was filed late due to the miscalculation of the filing deadline by counsel's assistant. (Doc. 10 at 1.) This contention is not disputed. Indeed, none of the underlying facts are disputed.

The Commissioner filed her Motion to Dismiss/Motion for Summary Judgment on December 29, 2014. (Doc. 8.) Thereafter, Faulkner filed his response, which stated, "Plaintiff's Complaint should not be dismissed because Counsel for Plaintiff has written to the Appeals Council on 1/14/15 requesting permission for extension to file a complaint." (Doc. 9.) The Appeals Council denied Faulkner's request for an extension on October 20, 2015. (Doc. 10 at 1, doc. 10-1.) In its decision, the Appeals Council stated:

> Under our rules, we may extend the time to file a civil action if you have a good reason for filing late.
>
> You did not timely seek an extension of time nor did you file your complaint timely. You stated that you inadvertently filed late.
>
> After considering the facts in this case, we find no reason under our rules to extend the time to file a civil action. Without more, we find that you have not provided a good reason for making or granting the request. Therefore, we have denied your request for more time.

(Doc. 10-1 at 1.)

Faulkner contends that the Appeals Council "abused its discretion by denying the request for an extension because the request was untimely when 'timeliness' is not included in the regulations as criteria for denying an extension." (Doc. 10 at 3.) He also argues that his deadline for filing a Complaint should be equitably tolled. (*Id*.)

The parties do not dispute that the Complaint was filed too late. Faulkner contends it was filed one-day late, while the court's calculation indicates it was filed two-days late. Nevertheless, the Complaint was late and the reason for Faulkner's untimely filing was the miscalculation of the deadline by Faulkner's counsel.

3

The decision of the Appeals Council " not to extend the sixty-day statute of limitations of 42 U.S.C. § 405(g) for filing in the district court is not subject to judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985), *quoted in Waller v. Comm'r of Soc. Sec.*, 168 Fed. Appx. 919, 920-21 (11th Cir. 2006)("As an initial matter, to the extent Waller challenges the decision of the AC not to grant an extension, that decision is not subject to judicial review. In *Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1985), we held the AC's decision not to grant an extension was not subject to judicial review and stated 'a Social Security claimant should not rely upon the possibility of an administrative extension of time' and allowing judicial review 'would allow claimants to frustrate the Congressional intent to forestall belated litigation of stale eligibility claims.' *Id*. at 648 (quotations, alteration, and citation omitted).").[2] Therefore, the court will not consider Faulkner's argument that the Appeals Council abused its discretion in denying his request for an extension.

Faulkner also contends that his deadline for filing his Complaint should be equitably tolled. He argues, "Equitable tolling should extend the time for filing in this case, Counsel's office miscalculated the deadline by one day and filed the complaint one day late.[3] The

---

[2]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

[3]By the court's calculation, the Complaint was filed two days late. Nevertheless, the parties agree that the Complaint was filed late.

Appeals Council delay in responding is a factor in favor of Plaintiff.[4] Most importantly, the Appeals Council wrongly assumed the request was untimely." (Doc. 10 at 4 [footnote added].)

As set forth above, this court does not review the Appeals Council's decision regarding Faulkner's request for an extension. Therefore, the Appeals Council's reasons for such denial are not a matter of the court's concern.[5]

As to equitable tolling, the Eleventh Circuit has held, "[W]hile we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.' And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Jackson v.*

---

[4]The court notes that Faulkner filed his request for an extension in January 2015, months after he filed his Complaint in September 2014. Faulkner's Complaint had already been filed too late and nothing the Appeals Council did, or did not, do after that date is relevant to the issue of whether or not the deadline for filing the complaint should be tolled up to and including September 24, 2014. *See Holland v. Florida*, 539 F.3d 1334, 1340 (11th Cir. 2008)("Petitioner cannot reasonably argue that the incidents to which he draws our attention – both occurring **after** the limitations period had run – prevented him from filing a federal habeas petition timely.")(emphasis added), *rev'd on other grounds* 560 U.S. 631, 649 (2010). The Appeals Council's inaction **after** Faulkner had filed his untimely Complaint did not stand in the way of Faulkner timely filing his Complaint. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(litigant must show "that some extraordinary circumstance stood in his way" of timely filing a Complaint to be entitled to equitable tolling).

[5]The court notes, as quoted above, that the Appeals Council did not deny Faulkner's request for an extension because it was untimely filed; it denied the request because Faulkner had not shown good cause for such an extension. (Doc. 10-1 at 2 ["[W]e find that you have not provided a good reason for making or granting the request."].)

*Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007)(emphasis in original). However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)(internal citations and quotations omitted); *Collier-Fluellen v. Commissioner of Soc. Sec.*, 408 Fed. Appx. 330, 330 (11th Cir. 2011)("[I]t is undisputed that the reason why [plaintiff's] complaint was not timely filed was because her attorney miscalculated the filing deadline. Unfortunately, such negligence on the part of her attorney does not constitute an extraordinary circumstance." (citing *Jackson*, 506 F.3d at 1355-56)); *see also Smith v. Astrue*, 393 Fed. Appx. 596, 596 (11th Cir. 2010)("The district court correctly concluded that Smith's arguments about her mental illness, dependence on her daughter, and attorney error do not constitute extraordinary circumstances that warranted equitable tolling.").

The court finds that the material facts are not disputed and, as a matter of law, Faulkner has not shown such exceptional circumstances as are necessary for equitable tolling of the statute of limitations. His failure to timely file his Complaint was the result of ordinary negligence on the part of counsel and/or counsel's staff in calculating the filing date. Therefore, the court finds, without dispute, that Faulkner's Complaint was untimely filed and is due to be dismissed as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and the Commissioner defendant is entitled to judgment as a matter of law. An

Order granting the Commissioner's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 18th day of November, 2016.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE